UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KARO BROWN,

                                                            Plaintiff,

                                          v.                                          9:07-CV-1169
                                                                                (GLS)(GHL)
ALBERTO GONZALEZ, U.S. Attorney General;
HARLEY G. LAPPIN, Director, U.S. Bureau of Prisons;
ROBERT OUTHOUSE, Sheriff, Cayuga County;
C.O. WALBORN, Correctional Officer, Cayuga County Jail;
JOHN DOES, Correctional Officers, Cayuga County Jail,

                                                        Defendants.
_____

APPEARANCES:

KARO BROWN
Plaintiff, *pro se*
58105-066
Hazelton U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 2000
Bruceton Mills, WV 26525

GARY L. SHARPE, DISTRICT JUDGE

**MEMORANDUM-DECISION and ORDER**

**I.    Background**

      Presently before this Court is a civil rights complaint filed by Karo Brown.  Brown, who has not paid the filing fee for this action, seeks leave to proceed *in forma pauperis*.

      In his *pro se* complaint, Brown asserts claims arising out of his confinement at Cayuga County Jail during the period November, 2004 to February, 2005.  At the time, Brown was confined at Cayuga County Jail as a federal pre-trial detainee; he is presently incarcerated at Hazelton U.S. Penitentiary, in Bruceton Mills, West Virginia. Dkt. No. 1 at 2.  According to Brown, he was assaulted by defendant Walborn and a

second unidentified correctional officer on November 15, 2004. *Id.* at 3. Brown claims that he was denied medical care for the injuries inflicted during the assault, and that his due process rights were violated in the course of disciplinary proceedings on charges arising out of that incident. *Id.* at 5. In addition to C.O. Walborn and several "John Doe" corrections officers, plaintiff names as defendants former U.S. Attorney General Alberto Gonzalez, Federal Bureau of Prisons Director Harley G. Lappin and Cayuga County Sheriff Robert Outhouse. Brown brings this action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] For a complete statement of Brown's claims, reference is made to the complaint.

**II.    Discussion**

    **(A) *In forma pauperis* application**

Based upon a review of Brown's *in forma pauperis* application, the Court finds that he has demonstrated sufficient economic need.

    **(B) The sufficiency of the complaint**

Since the Court has found that Brown meets the financial criteria for commencing this case *in forma pauperis*, the Court must consider the sufficiency of the complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

---

[1] *Bivens* actions, although not precisely parallel, are the federal analog to Section 1983 actions against state actors. *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987) (noting that there is a "general trend in the appellate courts" to incorporate Section 1983 law into *Bivens* cases) (citation omitted).

>   (2)   [S]hall dismiss the case at any time if the Court determines that -
> 
>   \*\*\*
> 
>   (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).[2]  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit the plaintiff to proceed with his or her action *in forma pauperis*.

It is well settled that the personal involvement of a defendant is a prerequisite for the assessment of damages in a section 1983 or *Bivens* action, *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), and that the doctrine of *respondeat superior* is inapplicable to these damages claims. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

In *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986), the Second Circuit detailed the various ways in which a supervisory defendant can be personally involved in a constitutional deprivation.  A supervisory official is deemed to have been personally involved if that official directly participated in the infraction; if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong; if he or she created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue; or if he or she were grossly negligent in managing

---

   [2] In determining whether an action is frivolous, the Court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3

subordinates who caused the unlawful condition or event. *Id.* "Generally, the allegation that a supervisory official ignored a prisoner's letter protesting unconstitutional conduct is not itself sufficient to allege the personal involvement of the official so as to create liability under § 1983." *Richardson v. Coughlin*, 101 F.Supp.2d 127, 132-33 (W.D.N.Y. 2000), *quoting Pritchett v. Artuz*, No. 99 Civ. 3957 (SAS), 2000 WL 4157, at *6 (S.D.N.Y. Jan. 3, 2000) (other citations omitted).

In this case, Brown names Gonzalez and Lappin as defendants not because they are claimed to have been personally involved in the alleged assault and subsequent discipline and/or medical care but, rather, because they are claimed to have ultimate supervisory authority over those who were. Thus, Brown alleges that Gonzalez is "responsible for the U.S. Marshals and the care and custody of Federal prisoner[s]". Dkt. No. 1 at 2. Similarly, BOP Director Lappin is alleged by plaintiff "to be responsible for the care and custody of all federal prisoners." *Id.* at 2-3.

Upon review, the Court finds that the allegations of Brown's complaint are patently insufficient to establish liability on the part of either Gonzalez or Lappin for the alleged violation of Brown's constitutional rights. Accordingly, these individuals are dismissed as defendants in this action.[3]

WHEREFORE, it is hereby

ORDERED, that Brown's *in forma pauperis* application (Dkt. No. 2) is granted.[4]

---

[3] As to defendant Outhouse, because the complaint alleges that Sheriff Outhouse was "on notice" of abusive conduct by correctional officers at the County Jail, sua sponte dismissal of this defendant is not warranted.

[4] Although his *in forma pauperis* application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

The Clerk of the Court shall provide the warden of the facility, designated by plaintiff as his current location, with a copy of plaintiff's authorization form, and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. §1915, and it is further

ORDERED, that "Alberto Gonzalez" and "Harley G. Lappin" are dismissed as defendants in this action, and it is further

ORDERED, that the Clerk issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the remaining defendants.  The Clerk shall forward a copy of the summons and complaint to the Office of the Cayuga County Attorney, together with a copy of this Order, and it is further

ORDERED, that a response to plaintiff's complaint be filed by the defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the defendants, and it is further

ORDERED, that plaintiff take reasonable steps to ascertain the identity of the "John Doe" defendants referred to in the complaint, and it is further

ORDERED, that the Clerk provide a copy of plaintiff's authorization form to the Financial Deputy of the Clerk's Office, and it is further

ORDERED, that **any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing.**  Plaintiff must comply with any requests by the Clerk's

Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.

**Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so will result in the dismissal of this action**, and it is further

ORDERED, that the Clerk serve a copy of this Order on Brown by regular mail.

IT IS SO ORDERED.

Dated:	February 4, 2008

_____
Gary L. Sharpe
U.S. District Judge