UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KARO BROWN,

                                        Plaintiff,

                                                        Case No. 9:07-CV-1169
v.                                                      (GLS/GHL)

ROBERT OUTHOUSE, et al.,

                                        Defendants.
_____

APPEARANCES:                                OF COUNSEL:

KARO BROWN, 58105-066
Plaintiff *pro se*
Canaan U.S. Penitentiary
P.O. Box 300
Waymart, Pennsylvania 18472

OFFICE OF FRANK W. MILLER                   CHARLES E. SYMONS, ESQ.
Counsel for Defendants
6575 Kirkville Road
East Syracuse, New York 13057

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

        This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, United

States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff Karo

Brown alleges that Defendants Robert Outhouse (Cayuga County Sheriff), Correctional Officer

Walborn of the Cayuga County Jail, and two or more unnamed officers violated his rights under

the United States Constitution and New York state laws by assaulting him, denying him prompt

medical care, and conducting a procedurally flawed disciplinary hearing[1].  Currently pending before the Court is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 8.)  For the reasons that follow, I recommend that Defendants' motion be granted in part.

I.    BACKGROUND

    A.    Summary of Plaintiff's Complaint

        Liberally construed, Plaintiff's complaint alleges as follows:

        In 2004, Plaintiff was detained at Cayuga County Jail pending trial on federal charges. (Dkt. No. 1 at ¶ 5.)  On November 15, 2004, Plaintiff was removed from the general population and questioned about "possession of salt packets."  (Dkt. No. 1 at ¶ 13.)  After the questioning, Plaintiff was "assaulted by Correctional Officer Walborn and other unknown Correctional Officers," who shoved Plaintiff into a tray cart, knocked him to the floor, kicked him and beat him with "unknown objects."  (Dkt. No. 1 at ¶¶ 12-13, 15.)  Plaintiff suffered lacerations to his face and scalp and abrasions to his legs, torso, face, head and shoulders.  (Dkt. No. 1 at ¶ 17.)

        Plaintiff was then placed in solitary confinement.  (Dkt. No. 1 at ¶ 12, 20.)  Plaintiff "did not eat any food while he was in solitary confinement because he had requested for medical attention."  (Dkt. No. 1 at ¶ 20.)  Plaintiff did not receive any medical attention until two or three days later.  (Dkt. No. 1 at ¶ 20.)

        Sometime after the assault, Plaintiff was "required to appear at a disciplinary hearing without any prior notice of the disciplinary hearing."  (Dkt. No. 1 at ¶ 14.)  At the hearing,

---

[1]        Plaintiff also named former United States Attorney General Alberto Gonzalez and Director of the Bureau of Prisons Harley G. Lappin as defendants.  (Dkt. No. 1.)  This Court *sua sponte* dismissed those defendants upon initial review of the complaint.  (Dkt. No. 5.)

Plaintiff asked to call other prisoners to testify as eyewitnesses, but the hearing officer denied the request.  (Dkt. No. 1 at ¶ 22-23.)  Plaintiff was then "kept in solitary confinement status for a couple of months."  (Dkt. No. 1 at ¶ 23.)

Plaintiff claims that Defendants' conduct violated his rights under the United States Constitution and New York state law.  (Dkt. No. 1 at 1.)  Plaintiff states that he still suffers great pain and stiffness and believes that he risks permanent disability in his left shoulder if he is not promptly provided with physical therapy.  (Dkt. No. 1 at ¶¶ 27, 29.)  He requests 10 million dollars in damages.  (Dkt. No. 1 at 7.)

**B.     Summary of Grounds in Support of Defendants' Motion**

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6.).  (Dkt. No. 8.)  Defendants argue that (1) Plaintiff's New York state law claim for assault and battery is barred by the applicable statute of limitations; (2) Plaintiff's New York state law claim for negligence is barred by the applicable statute of limitations; and (3) Plaintiff's Eighth Amendment claim for denial of medical care fails to state a cause of action because it does not adequately allege that Defendants were personally involved[2].  (Dkt. Nos. 8, 18.)

**C.     Summary of Plaintiff's Response to Defendants' Arguments**

In response to the motion to dismiss, Plaintiff argues that he timely filed his complaint. (Dkt. No. 15.)

---

[2]     In addition to the arguments discussed in the body of this report-recommendation, Defendants initially moved to dismiss Plaintiff's constitutional claims as time-barred.  (Dkt. No. 8-6 at 1, 2.)  That argument was based on an incorrect assumption that the complaint was filed more than three years after the alleged incidents occurred.  (Dkt. No. 18 at ¶ 3.)  In their reply to Plaintiff's opposition to the motion, Defendants withdrew that argument.  (Dkt. No. 18 at ¶ 4.)

3

## II.    LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  It has long been understood that a defendant may base such a motion on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Federal Rule of Civil Procedure 8(a)(2);[3] or (2) a challenge to the legal cognizability of the claim.[4]

---

[3]      *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") [citations omitted]; *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

[4]      *See  Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . . In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) ("Of course, none of this is to say that a court should hesitate to dismiss a complaint when the plaintiff's allegation . . . fails as a matter of law.") [citation omitted]; *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 379 F. Supp.2d 348, 370 (S.D.N.Y. 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim [under Rule 12(b)(6)].") [citation omitted]; *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, at *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord*, *Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y.

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. By requiring this "showing," Rule 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests."[5] The main purpose of this rule is to "facilitate a proper decision on the merits."[6] A complaint that fails to comply with this rule "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims."[7]

---

2004); *Tangorre v. Mako's, Inc.*, 01-CV-4430, 2002 U.S. Dist. LEXIS 1658, at *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

[5]     *Dura Pharm., Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) [citation omitted; emphasis added]; *see also Swierkiewicz*, 534 U.S. at 512 [citation omitted]; *Leathernman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) [citation omitted].

[6]     *Swierkiewicz*, 534 U.S. at 514 (quoting *Conley*, 355 U.S. at 48); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

[7]     *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, J.), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion); *accord*, *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *2 (S.D.N.Y. Nov. 30, 1998), *Flores v. Bessereau*, 98-CV-0293, 1998 WL 315087, at *1 (N.D.N.Y. June 8, 1998) (Pooler, J.). Consistent with the Second Circuit's application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history. *See, e.g.*, *Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]).

The Supreme Court has long characterized this pleading requirement under Rule 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement.[8]   However, it is well established that even this liberal notice pleading standard "has its limits."[9]   As a result, several Supreme Court and Second Circuit decisions exist, holding that a pleading has failed to meet this liberal notice pleading standard.[10]

Most notably, in the recent decision of *Bell Atlantic Corporation v. Twombly*, the Supreme Court, in reversing an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1, "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

---

[8]      *See*, *e.g.*, *Swierkiewicz*, 534 U.S. at 513-514 (noting that "Rule 8(a)(2)'s simplified pleading standard applies to all civil actions, with limited exceptions [including] averments of fraud or mistake.").

[9]      2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).

[10]      *See*, *e.g.*, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1974 (2007) (pleading did not meet Rule 8[a][2]'s liberal requirement); *accord*, *Dura Pharm.*, 125 S. Ct. at 1634-1635, *Christopher v. Harbury*, 536 U.S. 403, 416-422 (2002), *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234-235 (2d Cir. 2004), *Gmurzynska v. Hutton*, 355 F.3d 206, 208-209 (2d Cir. 2004).  Several unpublished decisions exist from the Second Circuit affirming the Rule 8(a)(2) dismissal of a complaint after *Swierkiewicz*.  *See*, *e.g.*, *Salvador v. Adirondack Park Agency of the State of N.Y.*, No. 01-7539, 2002 WL 741835, at *5 (2d Cir. Apr. 26, 2002) (affirming pre-*Swierkiewicz* decision from Northern District of New York interpreting Rule 8[a][2]).  Although these decisions are not themselves precedential authority, *see* Rules of the U.S. Court of Appeals for the Second Circuit, § 0.23, they appear to acknowledge the continued precedential effect, after *Swierkiewicz*, of certain cases from within the Second Circuit interpreting Rule 8(a)(2).  *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on summary affirmances because "they clearly acknowledge the continued precedential effect" of *Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled by the Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

in support of his claim which would entitle him to relief." 127 S. Ct. 1955, 1968-69 (2007).[11]

Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the Fed. R.

Civ. P. 8 "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74.

More specifically, the Court reasoned that, by requiring that a pleading "show[] that the

pleader is entitled to relief," Rule 8(a)(2) requires that the pleading give the defendant "fair

notice" of (1) the nature of the claim and (2) the "grounds" on which the claim rests. *Id*. at 1965,

n.3 [citation omitted]. While this does not mean that a pleading need "set out in detail the facts

upon which [the claim is based]," it does mean that the pleading must contain at least "some

factual allegation[s]." *Id*. [citations omitted]. More specifically, the "[f]actual allegations must

be enough to raise a right to relief above the speculative level [to a plausible level]," assuming

(of course) that all the allegations in the complaint are true. *Id*. at 1965 [citations omitted]. What

this means, on a practical level, is that there must be "plausible grounds to infer [actionable

conduct]," or, in other words, "enough fact to raise a reasonable expectation that discovery will

reveal evidence of [actionable conduct]." *Id*.

As have other Circuits, the Second Circuit has repeatedly recognized that the clarified

plausibility standard that was articulated by the Supreme Court in *Bell Atlantic* governs *all*

claims, not merely antitrust claims brought under 15 U.S.C. § 1 (as were the claims in *Bell*

---

[11]    The Court in *Bell Atlantic* further explained: "The phrase is best forgotten as an
incomplete, negative gloss on an accepted pleading standard: once a claim has been adequately
stated, it may be supported by showing any set of facts consistent with the allegations in the
complaint. . . . *Conley*, then, described the breadth of opportunity to prove what an adequate
complaint claims, not the minimum standard of adequate pleading to govern a complaint's
survival." *Bell Atlantic*, 127 S. Ct. at 1969.

*Atlantic*).[12]  The Second Circuit has also recognized that this *plausibility* standard governs claims brought even by *pro se* litigants (although the plausibility of those claims is be assessed generously, in light of the special solicitude normally afforded *pro se* litigants).[13]

It should be emphasized that Rule 8's plausibly standard, explained in *Bell Atlantic*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which the Court stated, "Specific facts are not necessary" to successfully state a claim under Rule 8(a)(2).  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [citation omitted]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Bell Atlantic*–that a pleading need not "set out in detail the facts upon which [the claim is based]" in order to successfully state a claim.  *Bell Atlantic*, 127 S. Ct. 1965, n.3 (citing *Conley v. Gibson*, 355 U.S. 41, 47 [1957]).  That statement in no way meant that all

_____

[12]     *See, e.g., Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008) (in civil rights action, stating that "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'") [citation omitted]; *Goldstein v. Pataki*, 07-CV-2537, 2008 U.S. App. LEXIS 2241, at *14 (2d Cir. Feb. 1, 2008) (in civil rights action, stating that "*Bell Atlantic* requires . . . that the complaint's '[f]actual allegations be enough to raise a right to relief above the speculative level . . . .'") [internal citation omitted]; *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98, n.2 (2d Cir. 2007) ("We have declined to read Bell Atlantic's flexible 'plausibility standard' as relating only to antitrust cases.") [citation omitted]; *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (in prisoner civil rights action, stating, "[W]e believe the [Supreme] Court [in *Bell Atlantic Corp. v. Twombly*] is . . . requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.") [emphasis in original].

[13]     *See*, *e.g.*, *Jacobs v. Mostow*, 281 F. App'x 85, 87 (2d Cir. March 27, 2008) (in pro se action, stating, "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'") [citation omitted] (summary order, cited in accordance with Local Rule 32.1[c][1]); *Boykin v. KeyCorp.*, 521 F.3d 202, 215-16 (2d Cir. 2008) (finding that borrower's *pro se* complaint sufficiently presented a "*plausible* claim of disparate treatment," under Fair Housing Act, to give lenders fair notice of her discrimination claim based on lenders' denial of her home equity loan application) [emphasis added].

pleadings may achieve the requirement of giving a defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests without ever having to allege any facts whatsoever.[14]  There must still be enough facts alleged to raise a right to relief above the speculative level to a plausible level, so that the defendant may know what the claims are and the grounds on which they rest (in order to shape a defense).

Having said all of that, it should also be emphasized that, "[i]n reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint

---

[14]        For example, in *Erickson*, a district court had dismissed a *pro se* prisoner's civil rights complaint because, although the complaint was otherwise factually specific as to how the prisoner's hepatis C medication had been wrongfully terminated by prison officials for a period of approximately 18 months, the complaint (according to the district court) failed to allege facts plausibly suggesting that the termination caused the prisoner "substantial harm."  127 S. Ct. at 2199.  The Supreme Court vacated and remanded the case because (1) under Fed. R. Civ. P. 8 and *Bell Atlantic*, all that is required is "a short and plain statement of the claim" sufficient to "give the defendant fair notice" of the claim and "the grounds upon which it rests," and (2) the plaintiff had alleged that the termination of his hepatitis C medication for 18 months was "endangering [his] life" and that he was "still in need of treatment for [the] disease."  *Id*. at 2200.  While *Erickson* does not elaborate much further on its rationale, a careful reading of the decision (and the dissent by Justice Thomas) reveals a point that is perhaps so obvious that it did not need mentioning in the short decision: a claim of deliberate indifference to a serious medical need under the Eighth Amendment involves two elements, i.e., the existence of a sufficiently serious medical need possessed by the plaintiff, and the existence of a deliberately indifferent mental state possessed by prison officials with regard to that sufficiently serious medical need.  The *Erickson* decision had to do with only the first element, not the second element.  *Id*. at 2199-2200.  In particular, the decision was merely recognizing that an allegation by a plaintiff that, during the relevant time period, he suffered from hepatis C is, in and of itself, a factual allegation plausibly suggesting that he possessed a sufficiently serious medical need; the plaintiff need not *also* allege that he suffered an independent and "substantial injury" as a result of the termination of his hepatis C medication.  *Id*.  This point of law is hardly a novel one.  For example, numerous decisions, from district courts within the Second Circuit alone, have found that suffering from hepatitis C constitutes having a serious medical need for purposes of the Eighth Amendment. *See, e.g., Rose v. Alvees*, 01-CV-0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004); *Verley v. Goord*, 02-CV-1182, 2004 WL 526740, at *10 n.11 (S.D.N.Y. Jan. 23, 2004); *Johnson v. Wright*, 234 F. Supp.2d 352, 360 (S.D.N.Y. 2002); *McKenna v. Wright*, 01-CV-6571, 2002 WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord*, 99-CV-3208, 2000 WL 760751, at *9 (S.D.N.Y. June 13, 2000).

as true and construe all reasonable inferences in the plaintiff's favor."[15]  "This standard is applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*."[16]  In other words, while all pleadings are to be construed liberally under Rule 8(e), *pro se* civil rights pleadings are to be construed with an *extra* degree of liberality.[17]

For example, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider a plaintiff's papers in opposition to a defendant's motion to dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint.[18]  Moreover, "courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that

---

[15]     *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of motion to dismiss) [citation omitted]; *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

[16]     *Hernandez*, 18 F.3d at 136 [citation omitted]; *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) [citations omitted]; *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) [citation omitted].

[17]     *See*, *supra*, note 3 of this Report-Recommendation.

[18]     "Generally, a court may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss.  However, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum."  *Gadson v. Goord,* 96-CV-7544, 1997 WL 714878, at *1, n. 2 (S.D.N.Y. Nov. 17, 1997) (citing, *inter alia*, *Gil v. Mooney*, 824 F.2d 192, 195 [2d Cir. 1987] [considering plaintiff's response affidavit on motion to dismiss]).  Stated another way, "in cases where a pro se plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside the complaint to the extent they 'are consistent with the allegations in the complaint.'"  *Donhauser v. Goord*, 314 F. Supp.2d 119, 212 (N.D.N.Y. 2004) (considering factual allegations contained in plaintiff's opposition papers) [citations omitted], *vacated in part on other grounds*, 317 F. Supp.2d 160 (N.D.N.Y. 2004).  This authority is premised, not only on case law, but on Rule 15 of the Federal Rules of Civil Procedure, which permits a plaintiff, as a matter of right, to amend his complaint once at any time before the service of a responsive pleading–which a motion to dismiss is not.  *See Washington v. James*, 782 F.2d 1134, 1138-39 (2d Cir. 1986) (considering subsequent affidavit as amending *pro se* complaint, on motion to dismiss) [citations omitted].

they suggest."[19]  Furthermore, when addressing a *pro se* complaint, *generally* a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."[20]  Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint.[21]  In addition, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it."[22]

_____

[19]    *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's conclusory allegations of a due process violation were insufficient) [internal quotation and citation omitted].

[20]    *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) [internal quotation and citation omitted]; *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

[21]    *Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F.Supp. 2d 375, 384 (S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once).

[22]    *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile) [citation omitted]; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice) [citation omitted]; *see, e.g., See Rhodes v. Hoy*, 05-CV-0836, 2007 WL 1343649, at *3, 7 (N.D.N.Y. May 5, 2007) (Scullin, J., adopting Report-Recommendation of Peebles, M.J.) (denying *pro se* plaintiff opportunity to amend before dismissing his complaint because the error in his complaint–the fact that plaintiff enjoyed no constitutional right of access to DOCS' established grievance process–was substantive and not formal in nature, rendering repleading futile); *Thabault v. Sorrell*, 07-CV-0166, 2008 WL 3582743, at *2 (D. Vt. Aug. 13, 2008) (denying *pro se* plaintiff opportunity to amend before dismissing his complaint because the errors in his complaint–lack of subject-matter jurisdiction and lack of standing–were substantive and not formal in nature, rendering repleading futile); *Hylton v. All Island Cob Co.*, 05-CV-2355, 2005 WL 1541049, at *2 (E.D.N.Y. June 29, 2005) (denying *pro se* plaintiff opportunity to amend before dismissing his complaint arising under 42 U.S.C. § 1983 because the errors in his complaint–which included the fact that plaintiff alleged no violation of either the Constitution or laws of the United States, but only negligence–were substantive and not formal in nature, rendering repleading futile); *Sundwall v. Leuba*, 00-CV-1309, 2001 WL 58834, at *11 (D.

However, while this special leniency may somewhat loosen the procedural rules governing the form of pleadings (as the Second Circuit very recently observed),[23] it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Rules 8, 10 and 12.[24]  Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Rules 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[25]  Stated more plainly, when a plaintiff is proceeding *pro se*,

---

Conn. Jan. 23, 2001) (denying *pro se* plaintiff opportunity to amend before dismissing his complaint arising under 42 U.S.C. § 1983 because the error in his complaint–the fact that the defendants were protected from liability by Eleventh Amendment immunity–was substantive and not formal in nature, rendering repleading futile).

[23]     *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008) ("[The obligation to construe the pleadings of *pro se* litigants liberally] entails, at the very least, a permissive application of the rules governing the form of pleadings.") [internal quotation marks and citation omitted]; *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[R]easonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training . . . should not be impaired by harsh application of technical rules.") [citation omitted].

[24]     *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed. R. Civ. P. 8]); *accord*, *Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

[25]     *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply

"all normal rules of pleading are not absolutely suspended."[26]

## III.    ANALYSIS

### A.    Plaintiff's Assault and Battery Claim Is Barred By The Applicable Statute of Limitations

Plaintiff alleges that Defendants committed "the tort of assault and battery."  (Dkt. No. 1 at 1.)  Defendants argue that this claim is barred by the applicable statute of limitations.  (Dkt. Nos. 8-6 at 1-2 and 18-2 at 1.)  Defendants are correct.  Defendants cite the one-year statute of limitations in New York Civil Practice Law and Rules § 215(3).  However, a slightly longer statute of limitations applies.  New York General Municipal Law §§ 50-i and 50-e require plaintiffs suing counties or their employees to file a notice of claim within ninety days and commence the action within one year and ninety days of the events giving rise to the claim. *Lieber v. Village of Spring Valley*, 40 F. Supp. 2d 525, 533 (S.D.N.Y. 1999) (collecting cases). Here, however, even if Plaintiff had complied with the notice of claim requirements and was entitled to the longer statute of limitations, his assault and battery claim would be barred.  The complaint alleges that Plaintiff was assaulted on November 18, 2004.  (Dkt. No. 1 at ¶ 14.) Plaintiff did not file his complaint until November 2, 2007.  (Dkt. No. 1. )  Therefore, I recommend that Plaintiff's New York state law cause of action for assault and battery be dismissed.

---

with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

[26]    *Stinson v. Sheriff's Dep't of Sullivan Cty.*, 499 F. Supp. 259, 262 & n.9 (S.D.N.Y. 1980).

**B.     Plaintiff's Negligence Claim Is Barred By The Applicable Statute of Limitations**

Plaintiff alleges that Defendants committed "the tort of ... negligence."  (Dkt. No. 1 at 1.) Defendants argue that this claim is barred by the applicable statute of limitations.  (Dkt. Nos. 8-6 at 2 and 18-2 at 1-2.)  Defendants are correct.  The one year and ninety day statute of limitations for actions against county employees, discussed above, also applies to negligence actions.  *Baker v. Dorfman*, 239 F.3d 415, 419 (2d Cir. 2000).  Plaintiff did not file his complaint within one year and ninety days of the events he describes in the complaint.  Therefore, I recommend that Plaintiff's New York state law cause of action for negligence be dismissed.

**C.     Plaintiff Has Not Adequately Alleged That Defendants Were Personally Involved In The Denial of Medical Care**

Defendants argue that Plaintiff has not stated a cause of action for denial of medical care against them because the complaint does not adequately allege that Defendants were personally involved with any deprivation.  (Dkt. Nos. 8-6 at 2-3 and 18-2 at 2-5.)  Defendants are correct.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 [2d Cir. 1991]).[27]  In order to prevail on a cause of action under 42 U.S.C. § 1983 against an individual, a plaintiff must show some tangible connection between the alleged unlawful conduct and the defendant.[28]  If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison

---

[27]     *Accord*, *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087 (1978); *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987).

[28]     *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

14

chain of command" (i.e., under the doctrine of *respondeat superior*) is insufficient to show his or her personal involvement in that unlawful conduct.[29]   In other words, supervisory officials may not be held liable merely because they held a position of authority.[30]   Rather, supervisory personnel may be considered "personally involved" only if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring.[31]

Here, the complaint does not include any allegations linking Defendant Walborn to the alleged denial of medical care.  Rather, the allegations against Defendant Walborn involve only the assault.  Therefore, I recommend that the Eighth Amendment cause of action against Defendant Walborn for denial of medical care be dismissed with leave to amend.

Regarding Defendant Outhouse, the complaint alleges merely that he is "responsible for arranging the placement of pretrial and convicted federal prisoners" and "for medical care generally and for arranging for specialized medical care in/outside the prison."  (Dkt. No. 1 at ¶¶ 25-26.)  The complaint does not allege that Defendant Outhouse directly participated in the

---

[29]     *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985).

[30]     *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

[31]     *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (adding fifth prong); *Wright*, 21 F.3d at 501 (adding fifth prong); *Williams v. Smith*, 781 F.2d 319, 323-324 (2d Cir. 1986) (setting forth four prongs).

violation, failed to remedy that violation after learning of it through a report or appeal, created, or allowed to continue, a policy or custom under which the violation occurred, was grossly negligent in managing subordinates who caused the violation, or exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring.  Therefore, I recommend that the Eighth Amendment cause of action against Defendant Outhouse for denial of medical care be dismissed with leave to amend.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 8) be **GRANTED IN PART**.  It is recommended that (1) Plaintiff's New York state law causes of action for assault and battery and negligence be dismissed as barred by the statute of limitations; (2) Plaintiff's Eighth Amendment denial of medical care claim be dismissed with leave to amend for failure to allege Defendants' personal involvement; and (3) the motion be **DENIED** to the extent that it sought dismissal of Plaintiff's constitutional claims as barred by the statute of limitations.

**ANY OBJECTIONS to this Report-Recommendation must be filed with the Clerk of this Court within TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS from the date of this Report-Recommendation (unless the third calendar day is a legal holiday, in which case add a fourth calendar day)**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

**BE ADVISED that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was**

not, presented to the Magistrate Judge in the first instance.[32]

    **BE ALSO ADVISED** that the failure to file timely objections to this Report-
Recommendation will **PRECLUDE LATER APPELLATE REVIEW** of any Order of
judgment that will be entered. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small
v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).


Dated: January 15, 2009
       Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

    [32]    *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994)
("In objecting to a magistrate's report before the district court, a party has no right to present
further testimony when it offers no justification for not offering the testimony at the hearing
before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World
Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not
abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff
"offered no justification for not offering the testimony at the hearing before the magistrate");
*Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18 n.8 (S.D.N.Y. Sept. 30, 1993)
(declining to consider affidavit of expert witness that was not before magistrate) [citation
omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to
raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421,
1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's
recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535
(5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and
recommendations [to raise its procedural default argument] . . . Respondent has waived
procedural default . . . objection[].") [citations omitted]; *Greenhow v. Sec'y of Health & Human
Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before
the magistrate and, if unsuccessful, to change their strategy and present a different theory to the
district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds
by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Patterson-Leitch Co. Inc. v. Mass. Mun.
Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not
entitled as of right to de novo review by the judge of an argument never seasonably raised before
the magistrate.") [citation omitted].

17