**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KARO BROWN,**

                **Plaintiff,**                **No. 9:07-cv-1169**
                                                            **(GLS/GHL)**

        **v.**

**ROBERT OUTHOUSE, Sheriff Cayuga**
**County; C.O. Walborn, Correctional**
**Officer, Cayuga County Jail and**
**JOHN DOES, Correctional Officers,**
**Cayuga County Jail,**

                **Defendants.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Karo Brown
*Pro Se*
58105-066
Canaan-US Penitentiary
Inmate Mail/Parcels
PO Box 300
Waymart, PA 18472

**FOR THE DEFENDANTS:**

OFFICE OF FRANK W. MILLER      CHARLES E. SYMONS, ESQ.
6575 Kirkville Road
East Syracuse, NY 13057

**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

The above-captioned matter comes to this court following a Report-Recommendation and Order ("R&R") by Magistrate Judge George H. Lowe, filed January 15, 2009. (Dkt. No. 21.) The R&R[1] recommended that defendants' motion to dismiss be granted in part and denied in part. Pending are Brown and the defendants' objection[2] to the R&R. (Dkt. Nos. 25,26.) For the reasons that follow, the R&R is adopted in part and rejected in part.

## II. Background

Karo Brown, an inmate at Canaan U.S. Penitentiary, brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights and New York state law when he was: (1) assaulted; (2) denied adequate medical care; and (3) denied due process during a disciplinary hearing. (*See generally* Compl.; Dkt. No. 1.) On

---

[1]The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

[2]Defendants' only objection involves Brown's untimely objections. Given his pro se status, Brown's tardiness in filing his objections will be excused.

2

March 14, 2008, the defendants filed a motion to dismiss[3] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing *inter alia* that Brown's New York claims are barred by the statute of limitations[4] and that he failed to allege the defendants' personal involvement in the medical care claim. Brown opposed the motion.

On January 15, 2009, Judge Lowe recommended dismissal of Brown's complaint with respect to his New York state law claims. Judge Lowe further recommended dismissal of Brown's medical care claim with leave to amend. The court will now review the R&R and the objection raised by Brown.

## III. Standard of Review

Before entering final judgment, this court routinely reviews all report-recommendations in cases it has referred to a Magistrate Judge. If a party has objected to specific elements of the Magistrate Judge's findings and recommendations, this court reviews those findings and recommendations

---

[3] Judge Lowe granted the defendants' request to have their motion considered in lieu of an answer. (Dkt. No. 13.) On January 20, 2009, the defendants filed an answer. (Dkt. No. 22.)

[4] The defendants also argued Brown's constitutional claims were barred by the statute of limitations. The defendants have since withdrawn this argument. (*See* Symons Dec.*;* Dkt. No. 18.) Accordingly, Judge Lowe's recommendation regarding the timeliness of Brown's constitutional claims is moot.

*de novo*. *See Almonte v. New York State Div. of Parole,* No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a Magistrate Judge for clear error. *See id.*

### IV. Discussion

**A. New York claims**

Brown has specifically objected to the R&R's recommendation that the New York state law claims be dismissed. Brown argues that his complaint was timely filed as to the New York claims and suggests that he should not be held to the same standard as trained counsel. Furthermore, Brown seeks an opportunity to cure his complaint as to this claim. The court will review this portion of the R&R *de novo*. *See Brito v. Phillips,* 485 F. Supp.2d 357, 360 (S.D.N.Y. 2007) ("[W]here objections to a report are specific and address only those portions of the proposed findings to which the party objects, district courts should conduct a *de novo* review of the issues raised by the objections.") (citations, omissions and quotation marks omitted).

Upon *de novo* review, the court concurs with Judge Lowe's findings

4

that Brown's New York claims were untimely filed.  *(See* R&R p. 13. )
Accordingly, the court adopts the portion of the R&R dismissing Brown's
New York state claims and denies Brown's request to amend his complaint.

**B.     Medical claims**

Judge Lowe recommended dismissal of Brown's inadequate medical care claim, with leave to amend, since he failed to allege the defendants' personal involvement.  (*See* R&R at 15-16.)  Brown has not specifically objected to this recommendation.  Thus, the court will review this portion of the R&R for clear error.  "When [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally."  *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008) (citations omitted).

As the Supreme Court has observed, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam) (citations and quotations marks omitted). The "dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."  *Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008).   Thus, a pro se litigant's pleadings must be

5

construed liberally, especially when dealing with alleged civil rights violations.  S*ee Weinstein v. Albright*, 261 F.3d 127, 131-32 (2d Cir. 2001).

Upon review for clear error, Brown's medical care claim against Outhouse survives.  While the complaint is not a model of clarity, Outhouse is clearly accused of failing to provide proper medical attention.  (*See* Compl. at ¶33; Dkt. No. 1.)  Thus, the R&R's recommendation dismissing Outhouse for failing to allege his personal involvement, is rejected.  On the other hand, the medical care claim against Walborn is dismissed with leave to amend, as recommended by Judge Lowe, for failure to allege his personal involvement.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937,1948 (2009) (a plaintiff must plead that each Government- official defendant, through the official's own individual actions, violated the Constitution.)

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Lowe's January 15, 2009 Report-Recommendation and Order is adopted in part and denied in part as follows:

1. Judge Lowe's recommendation regarding Brown's New York state law claims is adopted and these claims are dismissed;

2. Judge Lowe's recommendation regarding the timeliness of

Brown's constitutional claims is moot and thus rejected;

3. Judge Lowe's recommendation dismissing Brown's inadequate medical care claim is adopted as to defendant Walborn and rejected as to defendant Outhouse; and it is further

**ORDERED** Brown's request to amend his complaint in regards to the time barred claims is denied; and it is further

**ORDERED** defendants' objection to Brown's untimely filed objections is rejected; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
June 10, 2009

*[signature]*
United States District Court Judge